Johnson, J.
The question is, whether the verdict of a jury, in proceedings to appropriate property, without being con-, firmed by the court, is such an appropriation of the property, where the amount of such verdict has been deposited in the court, as entitles the corporation to take possession of the same for its purposes ?
In this case, after the verdict, the corporation filed a motion for a new trial; after this it paid into court the amount of the verdict; later still, the motion for a new trial was heard, and the verdict was set aside, and a new trial ordered. In this state of case, the plaintiff insists that the land has not been appropriated as required by the constitution, and therefore defendant should be enjoined from entering on his land and destroying its value to him, by constructing its railroad.
On the other hand, the defendant claims, that upon the rendition of the verdict, without any judgment of the court confirming the same, the deposit of the amount of compensation entitles the corporation to possession, even though the verdict may be afterwards set aside, and a new trial be ordered.
In the Bill of Rights it is provided that “ private property shall be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure, or for the purpose of making or repairing roads, which shall be open to the public without charge, a compensation shall be made to the owner in money; and in all other cases where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit in money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
Then in section 5 of article 13 of the Constitution it is pro: vided: “No right of way shall be .appropriated to the use of any corporation until full compensation therefor be first made in money, or first secured by a deposit of money, to the owner, *35 irrespective of any benefit from any improvement proposed by sncb corporation, which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law.”
The constitution of 1802, art. VIII., § 4, simply declared that: “ Private property ought and shall ever be held inviolate, but always subservient to the public welfare, provided a compensation in money be made to the owner.” No limitation was imposed as to the character of the tribunal or person that the law should clothe with authority to exercise the right to take such property for the public welfare. Nor was the time when compensation should be made for property taken prescribed. In these and in some other respects, the right of eminent domain is abridged by the provisions cited from the constitution of 1851.
Art. I., § 19, after declaring, that private property shall ever be held inviolate, but subservient to the public welfare, provides that, except when taken in time of war or other public exigency, imperatively requiring its seizure, or for the purpose of making or repairing roads, which shall be open to the public without charge, a compensation therefor shall first be made in money or first secured by a deposit of money.
This compensation must be assessed by a jury.
Art. XIII., § '5, is, if anything, still more explicit as to the power of corporations to appropriate. It provides, that full compensation shall first be made in money, or first secured by a deposit in money; which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law.
The taking or appropriation of private property is the exercise by the state or by its agents, of the right of eminent domain for a public use. The owner’s right is inviolable, except for a public use, and these provisions impose limitations on the right to take it from the owner and devote it to such use. They are conditions precedent to the exercise of this power.
The compensation must first be ascertained by a jury of twelve men, in a court of record. This means, a jury, subject to judicial direction by a court, as in other cases. This jury is *36 a tribunal, presided over by a court, and, under its direction, bearing tbe evidence upon the issue, and, by its verdict, declaring the truth upon the evidence under -the law as given them by the court (Smith v. A. & G. W. R. R. Co., 25 Ohio St. 91).
Something more than a verdict of the jury is required, before the corporation can deposit the money and demand possession. The jury has no right to appropriate the property. It only fixes, by its verdict, the compensation that is to be made, in the event the land is taken. The constitution contemplates a judicial proceeding, in which the effect of the judgment is to divest the owner of the title and possession of his property, and to invest both, to the extent of the condemnation, in the corporation.
No right’ of possession is divested until the appropriation is complete. The owner’s right to dominion over his land is as inviolable as his ownership or title. The right to the possession passes as an incident of a consummated appropriation. In such a case the right of property and the right of possession are inseparable. To deprive the owner of his right of possession, until the appropriation is made, would be as obnoxious to the constitution as to take the title. If therefore, the unconfirmed verdict of a jury, with a deposit of the money, does not amount to an appropriation, i. e., to a taking of the property from the owner, and vesting the ownership in the corporation, the right to take possession for any purpose in this case does not exist.
Again, the rights of the parties are mutual. Whenever the corporation is entitled to take the land, its former owner is equally éntitled to the money. The right to the money accrues eo instanU with the right to take the land, otherwise compensation would not first be made. The deposit of money in court, is in legal effect, for the land-owner’s use, and belongs to him, as soon as the land becomes the property of the corporation (Mielly v. Zurmehly, 23 Ohio St. 628).
’And this is so notwithstanding either party may prosecute error and reverse the judgment. The final judgment of the probate court completes the appropriation for the purposes of transferring title, but leaves the parties to litigate over the *37 question of compensation. In giving a construction to the chapter of the Revised Statutes relating to the appropriation of private property, these principles must be kept in view. In case of ambiguity or doubt, that construction must be adopted that harmonizes the statute with the constitution. An examination of the sections comprising this chapter leads us to the conclusion, that an appropriation is not made, until there is a judgment of the court confirming the verdict; that no title passes, until the judicial proceeding in the probate court, is ended, that is, until the verdict of the jury is made effective by a judgment.
Section 6414 of the Revised Statutes provides, that appropriations of private property, by corporations, shall be made according to the pi’ovisions of that chapter. Then follow provisions for commencing the proceedings in the probate court, by petition and service, and for the determination by the court, of certain preliminary questions, and among them the right and necessity of making the appropriation. The summoning, impanncling and swearing of the jury is then provided for. They are then under judicial direction, and their verdict when returned is entered of record as in other cases, and unless, for good cause shown, upon a motion for a new trial to be filed within ten days, a new trial be granted, “ the judge shall enter a judgment on such verdict ” (R. S. § 6432). Until such judgment, the verdict is of no more force than verdicts in other civil cases. It must be confirmed. .Such a verdict,- not followed by a judgment of confirmation, confers no title, nor can it be enforced bv process.
Section 6433 provides, that upon payment or deposit of the amount of the verdict and the costs up to the time, the corporation shall be entitled to the “ possession of, and shall hold the property, rights and interests, so appropriated, . . . and the judge shall enter an order to that effect, and if necessary, proper process shall be issued to place the corporation in possession.” This order, adjudging that the corporation, having paid the compensation assessed by the jury, is entitled to take possession and to hold the property, is the final order in the case, and consummates the proceedings to appropriate. Until *38 it is made, no process can issue to invest the new owner with possession. In the nature of judicial proceedings process cannot be issued until there is a judgment to enforce.
To hold that the right to take possession can precede a judgment on the verdict, carries with it the authority to have that right enforced by judicial process. In the case at bar, it would lead to a compulsory ejectment of the owner after the verdict was set aside, and without the owner being first compensated, by a payment to him or by a deposit to which he would be entitled. The anomaly would be presented of enforcing an order transferring title and right to the possession before there was judgment, and in fact, when there was no verdict in the case. The judgment confirming the verdict is the foundation for the right to acquire possession by its payment or deposit.
That these sections contemplate and require a final judgment on the verdict is made clear by an examination of sections 6437, 6440 and 6449.
Section 6437 allows either party to file a petition in error to reverse the final judgment, within-thirty days after the rendition of the verdáet, “ but the corporation may, on the rendition of the final judgment in the probate court, pay into said court, the amount of the judgmentfor compensation and costs therein rendered, and proceed to enter upon and appropriate the property, notwithstanding the proceedings in error; then there must be a “ final judgment,” a “ judgment for compen-, sation,” as a pre-requisite to a deposit of the money which gives the right to possession.
No reason can be perceived why there is any greater necessity for a judgment under section 6437, than under section 6433, to entitle the corporation to enter upon the land.
Again, on such a deposit, under section 6437, which by law operates as a conveyance of the property, the deposit, by like operation of law, belongs to the land-owner, subject to an obligation to refund any excess over a final verdict, if a new trial is granted, and he may maintain an action therefor. In no other way can his constitutional right to be first compensated be complied with (Mielly v. Zurmehly, supra).
*39 Again, section 6440 provides for proceedings in the common pleas, when the probate judge is interested, to be conducted in the same manner, in all respects, as in the probate court; “ and after final judgment the corporation may, on depositing the amount of the judgment and costs . . . be entitled to enter into possession, &c.”
The construction claimed, makes the deposit on the verdict in the probate court sufficient to entitle the corporation to take possession, while there must be a judgment on the verdict in the common pleas. The law requires the same in both courts. So also sections 6448, 6449, and 6450, provide for proceedings to appropriate. in certain cases, to be instituted by the landowner, and to be conducted in the same manner as if commenced by the corporation.
Here also, there is to be a “final judgment” on the verdict, and if this judgment is not paid, the court will enjoin the use, of the property.
Reliance is placed on section 6436, to support the construction of section 6433 claimed by the defendant. It provides that “ if the amount of the first verdict has been paid into court, the probate judge shall retain the same until the final termination of the second trial.”
This section provides for the disposition of money paid in on a verdict where a new trial is afterwards granted. The judge is to hold it until the final termination of the second trial. Now if the corporation can take the property, and the judge can retain the money until the final termination of the second trial, what becomes of the constitutional provision that compensation must first be made or secured to the owner in money before his property can be appropriated ?
The only construction this section will bear, to make it constitutional is, that the money paid in on the first verdict, which is afterwards set aside, remains the property of the corporation, until the final termination of the second trial; and if the second verdict is less- than the deposit, the excess is returned to its owner, but if greater, the corporation must increase the deposit to equal the second verdict, to entitle it to take the property.
"While this section provides for the disposition of money *40 paid in on verdicts that are set aside afterwards by the probate judge it does not purport to give any right to appropriate the property pending the second trial. It in fact provides for the case at bar, while section 6433 does not. The amount of the first verdict $27,100 is the property of defendant until the “ final termination ” of the second trial; when that trial is finally terminated, not when the second v&rdict is rendered, the deposit, or so much thereof as will equal the second verdict, will become the property of the plaintiff, and his land will be appropriated to the corporation. This entitles the plaintiff to an injunction until the final termination of the second trial.
II. But it is urged that this court has no power, either to grant a temporary injunction, or an injunction as the final judgment, because by article IY. section 2 of the constitution, the original jurisdiction of the supreme courtis limited to quo warranto, mandamus, habeas corpus and procedendo.” This is granted, but it has “ such appellate jurisdiction as may be provided by law.”
By section 5572, Revised Statutes, “ When, during the litigation, it appears that the defendant is doing, or threatens or is about to do, . . . some act in violation of the plaintiffs rights, respecting the subject matter of the litigation, and tending to render the judgment ineffectual, a temporary order may be granted restraining such act.”
This would authorize a temporary order pending the litigation, and is an exercise of the appellate power, which follows the case into whatever court it may be appealed, or taken on ■error, as part of the appellate jurisdiction conferred by law (Kent v. Mahaffy, 2 Ohio St. 498; Yeoman v. Lasley, 36 Ibid. 416).
Section 6726, authorizes this court, in the exercise of its ■■appellate jurisdiction, when it reverses a judgment, to proceed ■to render the judgment the court below should have rendered. In this case the district court should have granted the injunction prayed for until the proceedings which are pending ■in the orobate court are finally determined.
*41 The judgment of the district court is reversed, and an injunction is granted,until the final determination in the probate court of the proceedings now pending therein.